UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 5:25-CR-126-REW-EBA |
| v. | ) ) | ORDER |
| STANLEY WILSON, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 29 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Stanley Wilson's guilty plea and adjudge him guilty of the sole count of the Indictment (DE 1). *See* DE 30 (Recommendation). Judge Atkins expressly informed Wilson of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 30 at 2. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 30, **ACCEPTS** Wilson's guilty plea, and **ADJUDGES** Wilson guilty of Count 1 (the sole count) of the Indictment; and

2. The Court will issue a separate sentencing order.[1]

This the 9th day of March, 2026.

Signed By:
*Robert E. Wier*
**United States District Judge**

---

[1] At the hearing, Judge Atkins remanded Wilson to custody. *See* DE 29. This was his status pretrial. *See* DE 10. Absent an intervening order, Wilson will remain in custody pending sentencing.